## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| INNOTV LABS, LLC, | Civil Action No.: 1:26-cv-490 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ROKU, INC.,<br>PURPLE TAG MEDIA TECHNOLOGY<br>(SHANGHAI) LTD.,<br>PURPLE TAG MEDIA TECHNOLOGY<br>(SHANGHAI) LTD. – SHENZHEN<br>BRANCH, and<br>PURPLE TAG MEXICO, S.A. DE C.V. | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff InnoTV Labs, LLC ("InnoTV") brings this action against Roku, Inc., Purple Tag Media Technology (Shanghai) Ltd., Purple Tag Media Technology (Shanghai) Ltd. – Shenzhen Branch, and Purple Tag Mexico, S.A. de C.V. ("Roku" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement (hereinafter the "Action"), brought under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* seeking damages and other relief arising out of Roku's infringement of United States Patent Nos. 7,965,918 ("'918 Patent"), 12,096,066 ("'066 Patent"), RE50,251 ("'251 Patent"), and 12,038,636 ("'636 Patent") (collectively, the "Asserted Patents").

2.      InnoTV owns the entire right, title, and interest in and to each of the Asserted Patents. The Asserted Patents were the product of the research and development activities of LG

Electronics Inc. ("LG Electronics"), a leading global developer and supplier of televisions, and InnoTV is the owner of the Asserted Patents by assignment. By developing its technology and patents, LG Electronics has become an industry leader in the home entertainment industry, particularly with regard to home and consumer television devices.

3.    InnoTV asserts that Roku infringes each Asserted Patent by, without InnoTV's authorization, making, using, offering to sell, and selling in, and/or importing into the United States certain smart televisions, LED televisions, streaming devices, and hardware and software components thereof.

## THE PARTIES

4.    Plaintiff InnoTV is a Nevada corporation with its principal place of business at 732 S 6th St # 8058, Las Vegas, NV 89101.

5.    Defendant Roku, Inc. is a Delaware corporation with its headquarters at 1173 Coleman Avenue, San Jose, CA 95110.

6.    Defendant Purple Tag Media Technology (Shanghai) Ltd. is a Chinese corporation with its headquarters at 10/F, Central Park Jing'an, 329 Hengfeng Road, Shanghai, China.

7.    Defendant Purple Tag Media Technology (Shanghai) Ltd. – Shenzhen Branch is a Chinese corporation with its headquarters at 5F, China Energy Storage Tower, No.3099 South Keyuan Road, Nanshan District, Shenzhen, Guangdong, China.

8.    Defendant Purple Tag Mexico, S.A. de C.V. is a Mexican corporation with its headquarters at Av. P.º de la Reforma 483, Cuauhtémoc, 06500 Ciudad de México, CDMX, México.

9.    Roku designs, makes, manufactures, advertises, distributes, uses, offers to sell, sells, imports into the United States, and/or instructs others regarding the making, use, sale, or

importation of certain smart televisions, LED televisions, streaming devices, and hardware and software components thereof in the United States, including in this Judicial District.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over InnoTV's claims of infringement of the Asserted Patents pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (action arising under an Act of Congress relating to patents). The claims in this Action arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

11.    The Court has personal jurisdiction over Roku consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Roku has placed the infringing display devices, such as smart televisions and LED televisions, and streaming players, as well as hardware and software components thereof into the stream of commerce by shipping Accused Products into Texas, and/or shipping Accused Products knowing that those products would be shipped into Texas and/or shipping Accused Products knowing that these Accused Products would be incorporated into other Accused Products that would be shipped into Texas. For example, Roku at least designs the Accused Products, detailed below, for distribution and sale in Texas. Further, Roku, Inc. also has a facility and campus in Austin, TX at 9606 N. Mopac Expressway, Suite 400 within this Judicial District. The Court therefore has both general and specific personal jurisdiction over Roku.

12.    In addition and alternatively, the Court has personal jurisdiction over Purple Tag Media Technology (Shanghai) Ltd., Purple Tag Media Technology (Shanghai) Ltd. – Shenzhen Branch, and Purple Tag Mexico, S.A. de C.V. under Federal Rule of Civil Procedure 4(k)(2). This cause of action arises under federal law, and these foreign Roku defendants are not subject to the general jurisdiction of any one state, and the exercise of jurisdiction is consistent with the United

States Constitution. The Court therefore has both general and specific personal jurisdiction over the foreign Roku defendants.

13.     Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b). Defendants Purple Tag Media Technology (Shanghai) Ltd., Purple Tag Media Technology (Shanghai) Ltd. – Shenzhen Branch, and Purple Tag Mexico, S.A. de C.V. do not reside in the United States, and thus venue is appropriate in this District under 28 U.S.C. § 1391(c)(3) ("a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants"). Roku also has a regular and established place of business in this Judicial District and has committed acts of infringement in this Judicial District. Again, Roku, Inc. has a facility and campus at 9606 N. Mopac Expressway, Suite 400, Austin, TX, 78759, which is located within this Judicial District. Upon information and belief, at and from this location, Roku, Inc. owns or leases real estate, hires and pays employees, advertises in the community, and engages in business, including business directed at promoting, offering for sale, and/or selling infringing products. Upon information and belief, Roku, Inc.'s Austin, Texas facility also is used for the research, design, and development of television devices and streaming players. Roku also has committed acts of infringement in this Judicial District by, for example, commercializing, marketing, selling, and/or distributing certain Roku-branded television devices and streaming players, including but not limited to products accused of infringement in this Action. In addition, as noted, Roku is registered with the Texas Secretary of State's Office to do business in Texas and has appointed a registered agent for service in Texas.

A.     **Background**

14.    The Asserted Patents involve significant advancements in display devices, including smart and LED televisions, as well as streaming players, and components thereof. InnoTV is the owner of the Asserted Patents by assignment.

15.    The Asserted Patents are generally directed to novel and non-obvious display devices, including methods of controlling image display devices that provide technical advantages such as improved display and navigation, as well as design and functionality of structural components for such display devices that provide advantages such as a thin profile and a rigidity structure for televisions.

**B.    The Asserted Patents**

16.    The '918 Patent is entitled "IMAGE DISPLAY DEVICE AND IMAGE DISPLAY METHOD," and issued on June 21, 2011, to inventor Yong Chul Kim. *See* **Exhibit 1**, '918 Patent. The '918 Patent issued from Application No. 11/487,422, filed on July 17, 2006. *Id.* InnoTV owns the entire right, title, and interest in and to the '918 Patent.

17.    The '066 Patent is entitled "IMAGE DISPLAY DEVICE AND METHOD FOR CONTROLLING THE SAME," and issued on September 17, 2024, to inventor Jeong Sim Kim. *See* **Exhibit 2**, '066 Patent. The '066 Patent issued from Application No. 18/302,218, filed on April 18, 2023. *Id.* InnoTV owns the entire right, title, and interest in and to the '066 Patent.

18.    The '251 Patent is entitled "DISPLAY DEVICE," and issued on December 31, 2024, to inventors Junhee Kong, Hyungu Kim, and Subin Kim. *See* **Exhibit 3**, '251 Patent. The '251 Patent is a reissue of U.S. Patent No. 10,126,596 and issued from Application No. 17/097,797, filed on January 12, 2021. *Id.* InnoTV owns the entire right, title, and interest in and to the '251 Patent.

19.    The '636 Patent is entitled "DISPLAY DEVICE," and issued on July 16, 2024, to inventors Hyongil Kil and Sangmin Baek. See **Exhibit 4**, '636 Patent. The '636 Patent issued from

Application No. 18/181,411, filed on March 9, 2023. *Id.* InnoTV owns the entire right, title, and interest in and to the '636 Patent.

20.     InnoTV, as the owner of all rights, title, and interest in and to the Asserted Patents, possesses all rights to sue and recover past and future damages for infringement of the Asserted Patents.

### C.    The Accused Products and Infringing Activities

21.     Roku has, without InnoTV's authority, made, used, offered to sell, sold, imported into the United States, and/or instructed others regarding the making, use, sale, or importation into the United States of certain devices that meet the claims in the Asserted Patents, which are smart televisions, LED televisions, streaming devices, and hardware and software components thereof that directly infringe (literally and/or under the doctrine of equivalents), induce, and/or contribute to the infringement of one or more claims of each of the Asserted Patents.

22.     Roku also, without InnoTV's authority, continues to make, use, offer to sell, sell, import into the United States, and/or instruct others regarding the making, use, sale, or importation into the United States of certain devices that meet the claims in the Asserted Patents, which are smart televisions, LED televisions, streaming devices, and hardware and software components thereof that directly infringe (literally and/or under the doctrine of equivalents), induce and/or contribute to the infringement of one or more claims of each of the Asserted Patents.

23.     Roku offers several infringing television devices and streaming players including, but not limited to 55R8C5, 65R8C5, 75R8C5, 55R6C7, 65R6C7, 75R6C7, 65R8B5, 85R4C5, 75R4C5, 65R4C5, 55R4C5, 50R4C5, 43R4C5, 40R3C5, 32R2C5, 32R3C5, Roku Streaming Stick, Roku Streaming Stick Plus, Roku Streaming Stick 4K, Roku Ultra, and Roku Streambar SE.

(collectively the "Accused Products").[1]

24.    Roku's infringing activities and/or Accused Products violate one or more subsections of 35 U.S.C. § 271, including but not limited to §§ 271(a), (b), and (c).

25.    As noted below and detailed in the claim charts attached as **Exhibits 5-8**[2] to this Complaint, each element of at least one claim of each of the Asserted Patents is literally present in the Accused Products and/or the methods performed by those products. To the extent that any element is not literally present or practiced, each such element is present under the doctrine of equivalents because the Accused Products perform substantially the same function in substantially the same way to achieve substantially the same result, and any differences between the Accused Products and such claim element are insubstantial.

### D.    Roku's Knowledge of the Asserted Patents

26.    At a minimum, Roku had knowledge of the Asserted Patents and has been aware that the Accused Products infringe the Asserted Patents since at least as early as the filing of InnoTV's parallel complaint filed at the International Trade Commission ("ITC") alleging infringement of the Asserted Patents and/or the filing date of this Complaint.

### E.    Claims for Patent Infringement

27.    The allegations provided below, including through the claim charts accompanying this Complaint, are exemplary and without prejudice to infringement contentions provided pursuant to the Court's scheduling order and local rules. In providing these allegations, InnoTV does not convey or imply any particular claim constructions or the precise scope of the claims. InnoTV's claim construction contentions regarding the meaning and scope of the claim terms will

---

[1] *See, e.g.,* https://www.roku.com/products/roku-tv, https://www.roku.com/products/players

[2] The numbered exhibits cited within Exhibits 5-8 of this Complaint refer to exhibits to InnoTV's complaint filed in a parallel ITC case alleging Roku infringes the Asserted Patents.

be provided under the Court's scheduling order and local rules.

28.    The below infringement allegations are based on currently available information and a reasonable investigation of the structure and operation of the Accused Products. InnoTV reserves the right to modify this description, including, for example, on the basis of information that it obtains during discovery about the Accused Products.

29.    InnoTV has no products to mark. InnoTV has pled all statutory requirements to obtain pre-suit damages. Furthermore, InnoTV has asserted claims of infringement relating to method claims in the Asserted Patents, which have no requirement for marking.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,965,918

30.    InnoTV repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

31.    Roku has, without InnoTV's authority, made, used, offered to sell, sold, imported into the United States, and/or instructed others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents), induce the infringement of, and/or contributes to the infringement of, one or more claims of the '918 Patent.

32.    Roku also, without InnoTV's authority, continues to make, use, offer to sell, sell, import into the United States, and/or instruct others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents) and/or induce the infringement of one or more claims of the '918 Patent.

33.    Roku's infringing activities violate one or more subsections of 35 U.S.C. § 271.

34.    The claims of the '918 Patent are valid and enforceable.

35.    Roku infringes at least one claim of the '918 Patent. For example, claim 3 of the '918 Patent recites:

A method for controlling an image display device, comprising:

receiving a video signal;

decoding the video signal;

displaying a video corresponding to the decoded video signal on a display of the image display device;

displaying a progress bar overlaid on the video displayed on the display, wherein thumbnail images based on the video are associated at prescribed locations of the progress bar; and

displaying at least one corresponding thumbnail image of the video at a prescribed area of the display, wherein the prescribed area is above the progress bar.

36.    On information and belief, Roku directly infringes in violation of 35 U.S.C. § 271(a) at least claims 3-8, 10-20, 22, and 24 of the '918 Patent, literally or under the doctrine of equivalents, by using the Accused Products in an infringing manner in the United States, including during Roku's testing, developing, or other operation of such products. This is shown in the exemplary claim chart attached as **Exhibit 5**, which provides details regarding Roku's infringement of claim 3 of the '918 Patent. As discussed above, InnoTV reserves its rights to modify, amend, and/or supplement its infringement claims in light of discovery and/or during subsequent proceedings, for example, via infringement contentions provided pursuant to the Court's scheduling order and local rules.

37.    As **Exhibit 5** demonstrates, Roku's use of the Accused Products satisfies each and every limitation of at least claim 3 of the '918 Patent. Consequently, Roku directly infringes the '918 Patent through at least the manufacture, use, offers to sell, sale, and/or importation of the Accused Products and/or products incorporating the same.

38.    Additionally, on information and belief, Roku knowingly and intentionally induces customers, distributors, and/or users of one or more of the Accused Products to directly infringe

one or more claims of the '918 Patent by configuring the Accused Products with all of the requisite hardware, software, documentation, and instructions to operate the Accused Products in the infringing manner. Roku also induces users to infringe by encouraging, instructing, and/or aiding one or more persons in the United States, including but not limited to Roku employees who test and operate Accused Products at the direction of Roku, to make, use (including testing those devices and methods), sell, offer to sell, or import one or more of the Accused Products and/or products incorporating the same. For example, Roku provides significant support and documentation, such as manuals, guides, webpages, and videos that demonstrate how the Accused Products can be used in an infringing manner. Through its webpages, manuals, and other documentation promoting its products, including such documents and testing photos that are cited in **Exhibit 5**,[3] Roku encourages and instructs customers, distributors, and/or users to use its products in a manner that infringes the '918 Patent. On information and belief, as discussed above, Roku was aware of the '918 Patent or acted with willful blindness as to its existence, and Roku thus knew or should have known, and intended, that its conduct would result in direct infringement.

39.    Additionally, on information and belief, Roku contributes to the infringement of the '918 Patent by supplying or causing to be supplied a patented component, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Accused Products are a material part of practicing at least the Asserted Claims of the '918 Patent, have no substantial non-infringing uses, are not a staple article of commerce, and are especially made and adapted for use in an infringing manner.  For example,

---

[3] *See, e.g.,* https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-10-0-en-US-.pdf, https://image.roku.com/c3VwcG9ydC1B/RSS4K-QSG-US-Fall2022.pdf

the streaming players of the '918 Roku Accused Products are specifically manufactured and designed and intended to receive a video signal, decode a video signal, and display a progress bar and corresponding thumbnail images.

40.     In addition and in the alternative, by at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '918 Patent and/or the date on which this Complaint was filed, InnoTV disclosed the existence of the '918 Patent to Roku and identified Roku's infringing activities. Thus, Roku had knowledge of the '918 Patent and that its activities infringe the '918 Patent since at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '918 Patent, and/or the date on which this Complaint was filed.

41.     Accordingly, on information and belief, Roku's acts of infringement of the '918 Patent have been committed and are being committed with full knowledge of InnoTV's patent rights and full knowledge of infringement. Roku's wrongful conduct thus constitutes willful, intentional, and deliberate infringement, entitling InnoTV to enhanced damages.

42.     On information and belief, Roku has profited from and will continue to profit from its infringing activities. InnoTV has been and will continue to be damaged and irreparably harmed by Roku's infringing activities. As a result, InnoTV is entitled to injunctive relief and damages adequate to compensate it for such infringement, in no event less than a reasonable royalty, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284. The amount of monetary damages Roku's acts of infringement have caused to InnoTV cannot be determined without an accounting.

43.     The harm to InnoTV from Roku's ongoing infringing activity is irreparable, continuing, and not fully compensable by money damages, and will continue unless Roku's infringing activities are enjoined.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,096,066

44.    InnoTV repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45.    Roku has, without InnoTV's authority, made, used, offered to sell, sold, imported into the United States, and/or instructed others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents), induce the infringement of, and/or contributes to the infringement of, one or more claims of the '066 Patent.

46.    Roku also, without InnoTV's authority, continues to make, use, offer to sell, sell, import into the United States, and/or instruct others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents) and/or induce the infringement of one or more claims of the '066 Patent.

47.    Roku's infringing activities violate one or more subsections of 35 U.S.C. § 271.

48.    The claims of the '066 Patent are valid and enforceable.

49.    Roku infringes at least one claim of the '066 Patent. For example, claim 1 of the '066 Patent recites:

An image display device, comprising:

a display;

an external interface configured to be connected to an external device,

a controller configured to:

display an external source list menu including external device information for identifying the external interface,

based on the image display device being connected to the external device, display, on a position corresponding to the external device information in the external source list menu, a moving image as the external device information,

wherein the moving image is displayed after receiving a command signal from a remote controller.

50. On information and belief, Roku directly infringes in violation of 35 U.S.C. § 271(a) at least claims 1, 4-8, and 10-11 of the '066 Patent, literally or under the doctrine of equivalents, by using the Accused Products in an infringing manner in the United States, including during Roku's testing, developing or other operation of such products. This is shown in the exemplary claim chart attached as **Exhibit 6**, which provides details regarding Roku's infringement of claim 1 of the '066 Patent. As discussed above, InnoTV reserves its rights to modify, amend and/or supplement its infringement claims, including their full scope, during subsequent proceedings, for example, via infringement contentions provided pursuant to the Court's scheduling order and local rules.

51. As **Exhibit 6** demonstrates, Roku's use of the Accused Products satisfies each and every limitation of at least claim 1. Consequently, Roku directly infringes the '066 Patent through at least the manufacture, use, offers to sell, sale, and/or importation of the Accused Products and/or products incorporating the same.

52. Additionally, on information and belief, Roku knowingly and intentionally induces customers, distributors, and/or users of one or more of the Accused Products to directly infringe one or more claims of the '066 Patent by configuring the Accused Products with all of the requisite hardware, software, documentation, and instructions to operate the Accused Products in the infringing manner. Roku also induces users to infringe by encouraging, instructing, and/or aiding one or more persons in the United States, including but not limited to Roku employees who test and operate Accused Products at the direction of Roku, to make, use (including testing those devices and methods), sell, offer to sell, or import one or more of the Accused Products and/or products incorporating the same. For example, Roku provides significant support and

documentation, such as manuals, guides, webpages, and videos that demonstrate how the Accused Products can be used in an infringing manner. Through its webpages, manuals, and other documentation promoting its products, including such documents and testing photos that are cited in **Exhibit 6**,[4] Roku encourages and instructs customers, distributors, and/or users to use its products in a manner that infringes the '066 Patent. On information and belief, as discussed above, Roku was aware of the '066 Patent or acted with willful blindness as to its existence, and Roku thus knew or should have known, and intended, that its conduct would result in direct infringement.

53.     Additionally, on information and belief, Roku contributes to the infringement of the '066 Patent by supplying or causing to be supplied a patented component, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Accused Products are a material part of practicing at least the Asserted Claims of the '066 Patent, have no substantial non-infringing uses, are not a staple article of commerce, and are especially made and adapted for use in an infringing manner. For example, the streaming players of the '066 Roku Accused Products are specifically manufactured and designed and intended to provide an external interface configured to display an external source list menu including external device information, based on the image display device being connected to the external device, display a moving image as the external device information wherein the moving image is displayed after receiving a command signal from the remote controller.

54.     In addition and in the alternative, by at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '066 Patent and/or the date on which this

---

[4] *See, e.g.,* https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-10-0-en-US-.pdf, https://image.roku.com/c3VwcG9ydC1B/RSS4K-QSG-US-Fall2022.pdf

Complaint was filed, InnoTV disclosed the existence of the '066 Patent to Roku and identified Roku's infringing activities. Thus, Roku had knowledge of the '066 Patent and that its activities infringe the '066 Patent since at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '066 Patent, and/or the date on which this Complaint was filed.

55.     Accordingly, on information and belief, Roku's acts of infringement of the '066 Patent have been committed and are being committed with full knowledge of InnoTV's patent rights and full knowledge of infringement. Roku's wrongful conduct thus constitutes willful, intentional, and deliberate infringement, entitling InnoTV to enhanced damages.

56.     On information and belief, Roku has profited from and will continue to profit from its infringing activities. InnoTV has been and will continue to be damaged and irreparably harmed by Roku's infringing activities. As a result, InnoTV is entitled to injunctive relief and damages adequate to compensate it for such infringement, in no event less than a reasonable royalty, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284. The amount of monetary damages Roku's acts of infringement have caused to InnoTV cannot be determined without an accounting.

57.     The harm to InnoTV from Roku's ongoing infringing activity is irreparable, continuing, and not fully compensable by money damages, and will continue unless Roku's infringing activities are enjoined.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. RE50,251

58.     InnoTV repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.     Roku has, without InnoTV's authority, made, used, offered to sell, sold, imported into the United States, and/or instructed others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents) and/or induce the infringement of, one or more claims of the '251 Patent.

60.     Roku also, without InnoTV's authority, continues to make, use, offer to sell, sell, import into the United States, and/or instruct others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents) and/or induce the infringement of one or more claims of the '251 Patent.

61.     Roku's infringing activities violate one or more subsections of 35 U.S.C. § 271.

62.     The claims of the '251 Patent are valid and enforceable.

63.     Roku infringes at least one claim of the '251 Patent. For example, claim 1 of the '251 Patent recites:

> A display device comprising:
>
> a display panel;
>
> a diffusion plate positioned behind the display panel;
>
> a reflecting sheet positioned behind the diffusion plate, the reflecting sheet having a plurality of holes;
>
> a frame configured to be positioned behind the reflecting sheet;
>
> a first substrate positioned between the reflecting sheet and the frame;
>
> a first row of light assemblies mounted on the first substrate and inserted into the plurality of holes;
>
> at least a second substrate positioned between the reflecting sheet and the frame;
>
> a second row of light assemblies mounted on the second substrate and inserted into the plurality of holes; and
>
> at least a portion of a supporter positioned between the diffusion plate and the reflecting sheet so that the diffusion plate and the reflecting sheet are spaced apart from each other, wherein the supporter is positioned parallel to the first and second rows of light assemblies and between the first and second substrate, and wherein the supporter comprises:

an elastic portion configured to deform in response to deformation of the diffusion plate, the elastic portion including a top portion and a bottom portion;

a first supporting portion extending from the top portion of the elastic portion and extending toward the diffusion plate wherein a tip of the first supporting portion is configured to support the diffusion plate; and

a base portion connecting first and second ends of the bottom portion of the elastic portion, wherein the base portion is disposed between the first and second substrate, and

wherein a gap is formed between the top portion of the elastic portion and the base portion.

64.     On information and belief, Roku directly infringes in violation of 35 U.S.C. § 271(a) at least claims 1-3, 10, 25-27, 31-32, and 36-39 of the '251 Patent, literally or under the doctrine of equivalents, by using the Accused Products in an infringing manner in the United States, including during Roku's testing, developing, or other operation of such products. This is shown in the exemplary claim chart attached as **Exhibit 7**, which provides details regarding Roku's infringement of claim 1 of the '251 Patent. As discussed above, InnoTV reserves its rights to modify, amend and/or supplement its infringement claims in light of discovery and/or during subsequent proceedings, for example, via infringement contentions provided pursuant to the Court's scheduling order and local rules.

65.     As **Exhibit 7** demonstrates, Roku's use of the Accused Products satisfies each and every limitation of at least claim 1. Consequently, Roku directly infringes the '251 Patent through at least the manufacture, use, offers to sell, sale, and/or importation of the Accused Products and/or products incorporating the same.

66.     Additionally, on information and belief, Roku knowingly and intentionally induces customers, distributors, and/or users of one or more of the Accused Products to directly infringe one or more claims of the '251 Patent by configuring the Accused Products with all of the requisite

hardware, software, documentation, and instructions to operate the Accused Products in the infringing manner. Roku also induces users to infringe by encouraging, instructing, and/or aiding one or more persons in the United States, including but not limited to Roku employees who test and operate Accused Products at the direction of Roku, to make, use (including testing those devices and methods), sell, offer to sell, or import one or more of the Accused Products and/or products incorporating the same. For example, Roku provides significant support and documentation, such as manuals, guides, webpages, and videos that demonstrate how the Accused Products can be used in an infringing manner. Through its webpages, manuals, and other documentation promoting its products, including such documents and testing photos cited in **Exhibit 7**,[5] Roku encourages and instructs customers, distributors, and/or users to use its products in a manner that infringes the '251 Patent. On information and belief, as discussed above, Roku was aware of the '251 Patent or acted with willful blindness as to its existence, and Roku thus knew or should have known, and intended, that its conduct would result in direct infringement.

67.     In addition and in the alternative, by at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '251 Patent and/or the date on which this Complaint was filed, InnoTV disclosed the existence of the '251 Patent to Roku and identified Roku's infringing activities. Thus, Roku had knowledge of the '251 Patent and that its activities infringe the '251 Patent since at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '251 Patent and/or the date on which this Complaint was filed.

68.     Accordingly, on information and belief, Roku's acts of infringement of the '251 Patent have been committed and are being committed with full knowledge of InnoTV's patent

---

[5] *See, e.g.,* https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-10-0-en-US-.pdf, https://image.roku.com/c3VwcG9ydC1B/RSS4K-QSG-US-Fall2022.pdf

rights and full knowledge of infringement. Roku's wrongful conduct thus constitutes willful, intentional, and deliberate infringement, entitling InnoTV to enhanced damages.

69.    On information and belief, Roku has profited from and will continue to profit from its infringing activities. InnoTV has been and will continue to be damaged and irreparably harmed by Roku's infringing activities. As a result, InnoTV is entitled to injunctive relief and damages adequate to compensate it for such infringement, in no event less than a reasonable royalty, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284. The amount of monetary damages Roku's acts of infringement have caused to InnoTV cannot be determined without an accounting.

70.    The harm to InnoTV from Roku's ongoing infringing activity is irreparable, continuing, and not fully compensable by money damages, and will continue unless Roku's infringing activities are enjoined.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,038,636

71.    InnoTV repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.    Roku has, without InnoTV's authority, made, used, offered to sell, sold, imported into the United States, and/or instructed others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents) and/or induce the infringement of, one or more claims of the '636 Patent.

73.    Roku also, without InnoTV's authority, continues to make, use, offer to sell, sell, import into the United States, and/or instruct others regarding the making, use, sale, or importation of certain television devices and streaming players that directly infringe (literally or under the doctrine of equivalents) and/or induce the infringement of one or more claims of the '636 Patent.

74.    Roku's infringing activities violate one or more subsections of 35 U.S.C. § 271.

75.    The claims of the '636 Patent are valid and enforceable.

76.     Roku infringes at least one claim of the '636 Patent. For example, claim 1 of the '636 Patent recites:

A display device comprising:

a display panel;

a frame at a rear of the display panel;

a plurality of light sources mounted on a substrate and providing light for the display panel; and

a reflective sheet disposed on the frame and reflecting light from the plurality of light sources toward the display panel,

wherein the frame includes:

a flat portion on which the plurality of light sources mounted on the substrate is disposed;

an inclined portion extended from the flat portion toward an edge of the display panel; and

a protrusion protruding from the flat portion of the frame toward the display panel between the plurality of light sources and between the substrate and the inclined portion of the frame,

wherein the protrusion of the frame passes through the reflective sheet, and

wherein a height of the protrusion above the reflective sheet is less than a height of light sources above the reflective sheet.

77.     On information and belief, Roku directly infringes in violation of 35 U.S.C. § 271(a) at least claims 1-5, 9, 11-12, 17-20, 22, and 28 of the '636 Patent, literally or under the doctrine of equivalents, by using the Accused Products in an infringing manner in the United States, including during Roku's testing, developing, or other operation of such products. This is shown in the exemplary claim chart attached as **Exhibit 8**, which provides details regarding Roku's infringement of claim 1 of the '636 Patent. As discussed above, InnoTV reserves its rights to modify, amend, and/or supplement its infringement claims in light of discovery and/or during

subsequent proceedings, for example, via infringement contentions provided pursuant to the Court's scheduling order and local rules.

78.    As **Exhibit 8** demonstrates, the Accused Products satisfy each and every limitation of at least claim 1 of the '636 Patent. Consequently, Roku directly infringes the '636 Patent through at least the manufacture, use, offers to sell, sale, and/or importation of the Accused Products and/or products incorporating the same.

79.    Additionally, on information and belief, Roku knowingly and intentionally induces customers, distributors, and/or users of one or more of the Accused Products to directly infringe one or more claims of the '636 Patent by configuring the Accused Products with all of the requisite hardware, software, documentation, and instructions to operate the Accused Products in the infringing manner. Roku also induces users to infringe by encouraging, instructing, and/or aiding one or more persons in the United States, including but not limited to Roku employees who test and operate Accused Products at the direction of Roku, to make, use (including testing those devices and methods), sell, offer to sell, or import one or more of the Accused Products and/or products incorporating the same. For example, Roku provides significant support and documentation, such as manuals, guides, webpages, and videos that demonstrate how the Accused Products can be used in an infringing manner. Through its webpages, manuals, and other documentation promoting its products, including such documents and testing photos that are cited in **Exhibit 8**,[6] Roku encourages and instructs customers, distributors, and/or users to use its products in a manner that infringes the '636 Patent. On information and belief, as discussed above, Roku was aware of the '636 Patent or acted with willful blindness as to its existence, and Roku

---

[6] *See, e.g.,* https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-10-0-en-US-.pdf, https://image.roku.com/c3VwcG9ydC1B/RSS4K-QSG-US-Fall2022.pdf

thus knew or should have known, and intended, that its conduct would result in direct infringement.

80.    In addition and in the alternative, by at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '636 Patent and/or the date on which this Complaint was filed, InnoTV disclosed the existence of the '636 Patent to Roku and identified Roku's infringing activities. Thus, Roku had knowledge of the '636 Patent and that its activities infringe the '636 Patent since at least the date when InnoTV filed its parallel Complaint at the ITC alleging infringement of the '636 Patent, and/or the date on which this Complaint was filed.

81.    Accordingly, on information and belief, Roku's acts of infringement of the '636 Patent have been committed and are being committed with full knowledge of InnoTV's patent rights and full knowledge of infringement. Roku's wrongful conduct thus constitutes willful, intentional, and deliberate infringement, entitling InnoTV to enhanced damages.

82.    On information and belief, Roku has profited from and will continue to profit from its infringing activities. InnoTV has been and will continue to be damaged and irreparably harmed by Roku's infringing activities. As a result, InnoTV is entitled to injunctive relief and damages adequate to compensate it for such infringement, in no event less than a reasonable royalty, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284. The amount of monetary damages Roku's acts of infringement have caused to InnoTV cannot be determined without an accounting.

83.    The harm to InnoTV from Roku's ongoing infringing activity is irreparable, continuing, and not fully compensable by money damages, and will continue unless Roku's infringing activities are enjoined.

## **PRAYER FOR RELIEF**

**WHEREFORE,** InnoTV respectfully requests the following relief:

(A)    The entry of judgment in favor of InnoTV, and against Roku, that Roku has infringed and continues to infringe, induces and continues to induce the

22

infringement of, and contributes and continue to contribute to the infringement of, the Asserted Patents, and that Roku's infringement has been and is willful;

(B)     A permanent injunction prohibiting Roku and its officers, agents, representatives, assigns, licensees, distributors, employees, related entities, and all those acting in privity or acting in concert with them from:

    a.     infringing, inducing, or contributing to the infringement of the Asserted Patents; and

    b.     soliciting any new business or new customers using any information or materials derived from infringing the Asserted Patents;

(C)     An award of monetary damages, to be obtained from any and all of Roku's assets, sufficient to compensate InnoTV for Roku's patent infringement, with pre and post judgment interest, pursuant to at least 35 U.S.C. § 284.

(D)     An award of enhanced damages, to be obtained from any and all of Roku's assets, in the amount of three times the amount found or assessed for Roku's patent infringement, pursuant to 35 U.S.C. § 284, including prejudgment interest on such damages.

(E)     An accounting and/or supplemental damages for all damages occurring after the period for which discovery is taken, and after discovery closes, through the Court's decision regarding the imposition of a permanent injunction;

(F)     The entry of judgment in favor of InnoTV, and against Roku, that this is an exceptional case within the meaning of 35 U.S.C. § 285, and InnoTV is therefore entitled to reasonable attorneys' fees; and

(G)     An award of InnoTV's costs and expenses of this suit as a prevailing party, to be

obtained from any and all of Roku's assets;

(H)    Such further relief as the Court deems just and proper.

## JURY DEMAND

InnoTV respectfully demands a trial by jury on all issues so triable.

Dated: March 2, 2026

Of Counsel:

Kevin C. Wheeler (DC Bar No. 992118)
(Pro Hac Vice forthcoming)
Michael A. David (DC Bar No. 974415)
(Pro Hac Vice forthcoming)
Cecilia Peniza (DC Bar No. 994975)
(Pro Hac Vice forthcoming)
**Latham & Watkins LLP**
555 11th St. NW, Suite 1000
Washington, D.C. 20004-1304
Phone: (202) 637-2200
kevin.wheeler@lw.com
michael.david@lw.com
cecilia.peniza@lw.com

Charles H. Sanders (MA Bar No. 646740)
(Pro Hac Vice forthcoming)
**Latham & Watkins LLP**
200 Clarendon Street
Boston, MA 02116
Phone: (617) 948-6000
charles.sanders@lw.com

Respectfully submitted,

*/s/ Dan Muller*

Dan Muller (TX Bar No. 24143238)
**Latham & Watkins LLP**
300 Colorado St., Suite 2400
Austin, TX 78701
Phone: (737) 910-7300
dan.muller@lw.com

*Attorneys for Plaintiff InnoTV Labs, LLC.*